IN THE COURT OF CLAIMS OF OHIO

DEANNA SMITH,
820 Leona Ave.
Columbus, OH 43201

   -and-

HARMONI SAUDER.
5920 Winberry Creek Dr.
Dublin, OH 43016,

individually and on behalf of all others similarly situated,

          Plaintiffs,

   v.

THE OHIO STATE UNIVERSITY,
c/o Office of Legal Affairs
1590 North High Street, Suite 500
Columbus, Ohio 43201

c/o Ohio Attorney General Mike DeWine
30 East Broad Street, 14th Floor
Columbus, OH 43215

          Defendant.

Case No.: 2015-00919

Judge

**CLASS ACTION COMPLAINT FOR:**

**Violation of Fair Credit Reporting Act (15 U.S.C. §§ 1681, *et seq*.).**

---

Now come plaintiffs Deanna Smith and Harmoni Sauder ("Plaintiffs"), by and through the undersigned counsel, and allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their counsel.

1

## PRELIMINARY STATEMENT

1. This class action arises from The Ohio State University's ("OSU" or "Defendant") acquisition and use of consumer and/or investigative consumer reports as those terms are defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, to conduct background checks on Plaintiffs and other prospective, current and former employees.

2. Defendant routinely procures consumer reports to conduct background checks as part of the employment application process. However, Defendant fails to comply with federal mandates for obtaining and using consumer reports for employment purposes. Plaintiffs bring this action against Defendant for the violation of these federal laws.

3. Although the procurement of a consumer report for employment purposes is not *per se* unlawful, it is subject to strict disclosure requirements under federal law pursuant to the FCRA. Among other things, an employer may not procure a consumer report concerning a job applicant or employee unless a "clear and conspicuous" disclosure is made in a stand-alone document that "consists solely of the disclosure" informing the applicant or employee that a report may be obtained for employment purposes.

4. Defendant procured consumer reports respecting Plaintiffs and class members as part of its standard practice and policy, but failed to provide them with a clear and conspicuous written disclosure, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes. Rather, Defendant's FCRA disclosure and authorization includes numerous pieces of extraneous information, including a purported liability release. Longstanding FTC and judicial guidance indicate that the inclusion of such extraneous information is illegal. Indeed, a liability release is a particularly pernicious form of extraneous information as it purports to take away the very rights Congress intended to protect.

5. As a result of Defendant's wrongful acts and omissions, Plaintiffs and other putative class members have been injured, including, without limitation, by having their privacy and statutory rights violated.

6. As further alleged herein, Defendant's violations occurred because Defendant has willfully failed to properly apprise itself of the statutory mandates before procuring consumer reports to make employment decisions; knowingly violated the express and unambiguous provisions of the relevant statute; and/or recklessly failed to implement reasonable procedures to assure compliance with statutory mandates.

7. On behalf of themselves and the putative class, Plaintiffs seek statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and other appropriate relief for Defendant's systematic and willful violations of the FCRA.

## PARTIES

8. Plaintiff Deanna Smith is a resident of Columbus, Ohio.

9. Plaintiff Harmoni Sauder is a resident of Dublin, Ohio.

10. Defendant OSU was and is, upon information and belief, a public university located in Columbus, Ohio, and was, at all times relevant to this Complaint, engaged in commercial transactions throughout this county and the State of Ohio.

11. Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, OSU. The acts of Defendant were in accordance with, and represent, the official practice and policy of OSU.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiffs' claims under 15 U.S.C. Section 1681p which provides, in pertinent part: "An action to enforce any liability created under this title may be

brought in any appropriate United States District Court, without regard to the amount in controversy, or in any other court of competent jurisdiction."

13. Jurisdiction and venue are also proper in this Court under Ohio R.C. Section 2743, *et seq*. pursuant to which this Court has exclusive jurisdiction over cases brought against the state and its instrumentalities.

## STATUTORY BACKGROUND

22. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

23. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

24. Congress was particularly concerned about the use of consumer reports by employers to deny otherwise qualified job applicants or to take other adverse actions against prospective or current employees. Accordingly, Congress required employers to make a clear and conspicuous written disclosure to employees and job applicants, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2). This is commonly referred to as the "stand-alone disclosure" requirement. Congress further required that employers obtain written authorization prior to procurement of a consumer report for employment purposes. *Id*.

25. The FCRA's stand-alone disclosure requirement ensures that employees and job applicants know when reports about them are being generated. This notice is one of many elements

of the FCRA that combine to ensure that consumers are aware that consumer reports are generated about them, that they know their rights, and that they have the opportunity to dispute errors in their reports. 15 U.S.C. § 1681b(b)(3)(A) (pre-adverse employment action notice requirement); § 1681b(4)(B) (notification of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681d(a) (disclosure of investigative report); § 1681g (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding the use of public record information); § 1681h (form and conditions of disclosure); § 1681m(a) (notice of adverse action).

26. The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

27. In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

28. As discussed below, Defendant routinely violates the FCRA by failing to provide the required stand-alone disclosure to employees and job applicants.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFFS

29. OSU is one of the largest university campuses in the United States.[1] On information and belief, OSU processes tens of thousands of employment applications per year.

30. In or about September or October of 2014, Plaintiff Deanna Smith applied for work with OSU, and in or about November, 2014, Plaintiff was hired as a housekeeper for the OSU hospital.

31. In or about August of 2012, Plaintiff Harmoni Sauder applied for work with OSU, and in or about November or December 2012, Plaintiff was hired as a facility manager for various ambulatory care centers operated by the OSU hospital

32. On information and belief, as part of the application process Plaintiffs were provided with OSU's standard background check disclosure and authorization form (the "Disclosure"), which purports to disclose that the University may request consumer reports from a background check vendor, and which contains, among other extraneous information, a liability release.

33. On information and belief, despite its failure to provide Plaintiffs with the required stand-alone disclosure, Defendant procured or caused to be procured one or more consumer reports on Plaintiffs, in accordance with Defendant's standard practice and procedure.

34. On information and belief, Defendant does not perform these background checks in-house. Rather, Defendant hires one or more outside consumer reporting agencies to obtain this information and report it to Defendant for a fee. These reports, therefore, constitute "consumer reports" within the meaning of the FCRA.

---

[1] *See* https://en.wikipedia.org/wiki/Ohio_State_University (last visited 9/17/15).

35. Defendant's conduct unambiguously violates the FCRA. By including extraneous information within and around its disclosure, including without limitation a liability release, Defendant disregarded well-established case law and regulatory guidance from the FTC, in violation of Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous information causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and violates Section 1681b(b)(2)(A) for this reason as well.

36. Defendant's violations of the FCRA combined with its knowledge of the requirements of federal law provides further evidence that Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

37. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

38. Plaintiffs assert the following Class: All employees or prospective employees of the Defendant in the United States, with respect to whom Defendant procured or caused a consumer report to be procured, during the period five years prior to the filing of the Complaint in this action through the date of certification.

56. Members of the Class, as described above, will be referred to as "class members." Excluded from the Class are (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiffs reserve the right to amend the above Class and to add subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

**Numerosity**

57. The proposed Class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks

on prospective and existing employees. Given the number of employees working for Defendant, Plaintiffs believe that during the relevant time period, thousands of Defendant's current and prospective employees would fall within the definition of the Class.

**Common Questions of Law and Fact**

58. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the Class are:

a. Whether Defendant uses consumer report information to conduct background checks on current and prospective employees;

b. Whether Defendant fails to disclose to current and prospective employees that a consumer report will be procured in a standalone document consisting solely of the disclosure;

c. Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

d. Whether Defendant's violations of the FCRA were willful; and,

e. The proper measure of statutory and punitive damages.

**Typicality**

59. Plaintiffs' claims are typical of the members of the proposed Class. Defendant typically procures consumer reports on prospective and current employees on the basis of a purported disclosure and authorization form that contains extraneous information, including a liability release, which clearly renders the disclosure non-compliant. The FCRA violations suffered by Plaintiffs are typical of those suffered by other class members, and Defendant treated Plaintiffs consistent with other class members in accordance with its standard policies and practices.

**Adequacy of Representation**

60. Plaintiffs, as representatives of the Class, will fairly and adequately protect the interests of the Class and have no interests that conflict with or are antagonistic to the interests of the other class members. Plaintiffs have retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiffs and members of the Class.

**Superiority**

61. This case is maintainable as a class action under Ohio R. Civ. P. 23(B)(1) because prosecution of actions by or against individual members of the putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

62. This case is maintainable as a class action under Ohio R. Civ. P. 23(B)(2) because Defendant has acted or refused to act on grounds that apply generally to the putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

63. Class certification is also appropriate under Ohio R. Civ. P. 23(B)(3) because questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared

to the expense and burden of individual prosecution. Plaintiffs are unaware of any similar claims brought against Defendant by any members of the putative Class on an individual basis. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative Class members' claims in a single forum.

64. Plaintiffs intend to send notice to all members of the putative Class to the extent required by Ohio R. Civ. P. 23. The names and address of the putative Class members are available from Defendant's records.

## FIRST CAUSE OF ACTION

### Failure to Make Proper Disclosure in Violation of FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A)(ii))

62. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

63. Defendant violated the FCRA by the use of a disclosure form that contains extraneous information other than the disclosure, including a liability release.

64. The foregoing violations were willful as Defendant was aware of its obligation to provide a clear and conspicuous disclosure in a document consisting solely of the disclosure.

65. Based upon facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of failing to provide adequate written disclosures to job applicants and employees, before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendant procured

consumer reports or caused consumer reports to be procured for Plaintiffs and class members without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

66. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. The FCRA was enacted in 1970; Defendant, which was founded in 1870, has had the entire 45 year life of the statute to become compliant;

    b. Defendant is a large entity with access to legal advice through its own in-house and outside employment counsel;

    c. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

    d. Defendant knew or had reason to know from its communications with its consumer report vendor(s) that Defendant's conduct violated the FCRA;

    e. Defendant repeatedly and routinely used the disclosure document it used with Plaintiffs, or a substantially similar document, prior to procuring consumer reports during the class period;

    f. Defendant's inclusion of a liability release in its disclosure document clearly indicates awareness by Defendant that it could be held liable for improperly procuring a consumer report and represents an effort to avoid such liability; and,

    g. Despite the clear statutory text and depth of guidance on the subject, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes.

67. Plaintiffs and class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

68. Plaintiffs and class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

69. Plaintiffs and class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION

### Failure to Obtain Proper Authorization in Violation of FCRA

### (15 U.S.C. § 1681b(b)(2)(A)(ii))

70. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

71. Because Defendant failed to make a clear and conspicuous disclosure that a consumer report may be procured in a document consisting solely of the disclosure, Defendant violated the FCRA by procuring consumer reports relating to Plaintiffs and other putative class members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

72. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant's willful conduct is reflected by, among other things, the facts previously set forth.

73. Plaintiffs and class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

74. Plaintiffs and class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

75. Plaintiffs and class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** Plaintiffs respectfully request that this Court issue an Order:

a. That this action may proceed as a class action under Rule 23(B)(1), (2) and (3) of the Ohio Rules of Civil Procedure;

b. Designating Plaintiffs as class representatives and designating Plaintiffs' counsel as counsel for the Class;

c. Directing proper notice to be mailed to the Class at Defendant's expense;

d. Holding that Defendant committed multiple, separate violations of the FCRA;

e. Holding that Defendant acted willfully in deliberate or reckless disregard of Plaintiffs' and class members' rights, and its obligations, under the FCRA;

f. Awarding statutory damages in an amount of $1,000 per violation and punitive damages as provided by the FCRA;

h. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and,

i. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,

Katherine Connor Ferguson (0079207)
Kooperman Gillespie Mentel Ltd.
100 S. Fourth Street, Suite 100
Columbus, OH 43215
Telephone: 614-344-4800
Facsimile: 614-344-4801
kferguson@kgmlaw.com

OF COUNSEL:

GLANCY PRONGAY & MURRAY LLP

Marc L. Godino (Cal. Bar # 182689)
Mark S. Greenstone (Cal. Bar # 199606)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
mgodino@glancylaw.com
mgreenstone@glancylaw.com

*Counsel for Plaintiffs*