IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEANNA SMITH, et al., | : | Case No.: 2:15-cv-03030 |
| Plaintiffs, | : | Judge Smith |
| v. | : | Magistrate Judge Deavers |
| THE OHIO STATE UNIVERSITY, | : | |
| Defendant. | : | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

**I.      Introduction**

Plaintiffs' motion for leave to file a sur-reply to Ohio State's Motion to Dismiss should be denied because its sole basis – the contention that Ohio State's reply brief "materially changed the basis for dismissal" – is demonstrably false.  As Ohio State's initial motion made clear, Plaintiffs' claims are barred by substantive sovereign immunity.  That is why Ohio State's Motion addressed the fact that the Commerce Clause power that Congress invoked to enact the FRCA cannot overcome sovereign immunity and that in any event the specific language of the FCRA does not make Congress' intent to hold States liable under the statute unmistakably clear, as the law requires.  Indeed, in their Opposition brief, Plaintiffs conceded those points.  Now, however, Plaintiffs have made an about-face and ask the Court for another opportunity to address this same argument.  As such, there is *no* cause, much less *good* cause, for a sur-reply.

Should the Court nevertheless grant Plaintiffs' Motion for Leave, Ohio State also seeks leave of the Court to file a brief response to Plaintiffs' sur-reply.  Ohio State's request meets the "good cause" threshold because Plaintiffs' proposed sur-reply entirely misstates Ohio State's arguments.

1

**II.     Law and Argument**

Local Rule 7.2 provides for the filing of opposing memoranda and replies, but states that "[n]o additional memoranda . . . are permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). *See also Wilson v. Gillespie*, No. 2:13-cv-139, 2014 U.S. Dist. LEXIS 94458, at *3 (S.D. Ohio July 10, 2014). Sur-replies, in particular, "are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (internal citation and ellipsis omitted); *see also Minor v. Donahoe*, No. 1:12-CV-1634, 2013 WL 5428718, at *14 (N.D. Oh. Sept. 26, 2013) (holding that sur-replies should be considered only where the plaintiff has demonstrated the existence of "extraordinary circumstances" requiring additional briefing).

Here, there is no "good cause" for a sur-reply brief. Plaintiffs try to argue that Ohio State both has "abandoned" its immunity claim and has, in its Reply, raised a new argument that states are not subject to the FCRA. (ECF No. 22 at 2.)[1] Both assertions are flat-out wrong. First, Ohio State's Motion states explicitly that "Plaintiffs' claims under the Fair Credit Reporting Act are barred by sovereign immunity," (ECF No. 7, at 1). Second, Ohio State argued – indeed, in considerable detail – that the FCRA does not apply to states because Congress lacked the authority to abrogate state sovereign immunity when it enacted the FCRA pursuant to the Commerce Clause, **and** because Congress in any event did not make an intention to abrogate sovereign immunity "unmistakably clear in the language of the statute," as the law requires. (*Id.* at 5-9).

---

[1] Sovereign immunity encompasses both immunity from being sued in federal court and a broader, substantive immunity from lawsuits in any court. *See Alden v. Maine*, 527 U.S. 706, 713, 722 (1999); *Beaulieu v. Vermont*, 807 F.3d 478, 485-486 (2d Cir. 2015). As the Supreme Court has noted, the term "Eleventh Amendment immunity" is a "convenient shorthand" for both forms of immunity. *See Alden*, 527 U.S. at 713; *Brotherton v. Cleveland*, 173 F.3d 552, 558-562 (6th Cir. 1999). Plaintiffs therefore cannot reasonably profess confusion about Ohio State's argument from the occasional use of "Eleventh Amendment immunity" in Ohio State's Motion.

In their opposition brief, Plaintiffs acknowledged that Ohio State made these arguments, responding that "Plaintiff [sic] does not dispute the general Eleventh Amendment principals [sic] of sovereign immunity espoused by Defendants. *See* Motion at 5-9." (ECF No. 18 at 3.)

In other words, Plaintiffs conceded the sovereign immunity points raised by Ohio State; they then went on to claim that Ohio State waived its sovereign immunity, in all forms, by removing this litigation from the Court of Claims to this Court and through enactment of the Court of Claims Act. (ECF No. 18.)[2]

Accordingly, in its Reply, Ohio State explained that removal waives immunity from suit in federal court but not general substantive immunity from suit in any court; reiterated that, in enacting the FCRA, Congress both lacked the power to abrogate sovereign immunity and failed to make its intention to do so "unmistakably clear"; and noted that the Ohio Court of Claims Act could not and does not create liability under a federal statute that Congress did not intend to apply to States in the first place. (ECF No. 20.)

Plaintiffs now ask the Court for leave to address the substantive immunity argument they conceded the first time around. They seek to justify this request by claiming that Ohio State "now argues for the first time that Plaintiffs' claims are barred because the statute on which Plaintiffs' claims are based, the Fair Credit Reporting Act, does not create a ***substantive*** cause of action applicable to the states" and they say "[t]his argument was not addressed in Plaintiffs' Opposition brief because it was not raised in Defendant's moving papers." (ECF No. 22 at 2.)

As stated above, and as the Court can see from the filings to date, that assertion is simply wrong. Not only that, but Plaintiffs' sur-reply tries to pass off as "new" ***cases that were cited***

---

[2] Plaintiffs' Court of Claims Act argument asserted in their Opposition brief also belies their current argument that they believed that Ohio State's Motion raised only its immunity from being sued in federal court. Where applicable, the Ohio Court of Claims Act allows litigants to pursue claims against the state and state entities in a state court – the Ohio Court of Claims. The Court of Claims Act obviously does not speak to the state being sued in federal court; instead, its limited waiver is a waiver of the broader, substantive immunity that protects states from liability.

3

*initially in Ohio State's own Motion*, see ECF No. 7 at 7 (citing *Betts v. Va. Empl. Comm'n*, No. 3.06cv753, 2007 U.S. Dist. LEXIS 10109, at *9 (E.D. Va. Feb. 2, 2007), *O'Diah v. New York City*, Civ. A. No. 02-274, 2002 U.S. Dist. LEXIS 15507 at *26 (S.D.N.Y. Aug. 21, 2002), and *Alexander v. Dist. Court of Maryland for Charles County*, No. DKC 2007-1647, 2008 U.S. Dist. LEXIS 106704, at *23 (D. Md. Mar. 20, 2008)). Likewise, the statutory construction argument Plaintiffs "newly" raise – that the definition in the FCRA "government or governmental subdivision or agency, or other entity" should encompass States – was also raised by Ohio State in its Motion, *see id.* at 8 (citing this very language and explaining why, under prevailing law, FCRA statutory language cannot be construed as an "unmistakably clear" statement of Congress' intent to abrogate sovereign immunity).

In short, Plaintiffs have not come close to meeting their burden of good cause and the Court should deny their motion.

**III.    Conclusion**

Plaintiffs' Motion to File a Sur-reply should be denied. There were no new arguments in Ohio State's Reply. As shown above, Ohio State's sovereign immunity defenses were set out in its Motion to Dismiss from the start, and Plaintiffs addressed these arguments in their Opposition. The Court should reject Plaintiffs ploy to expound upon their arguments through a sur-reply under the false assertion that these arguments were unknown to them earlier.

However, should the Court allow Plaintiffs to file a sur-reply, Ohio State also seeks leave of the Court to file a short response to Plaintiffs' sur-reply. Ohio State's request meets the "good cause" threshold as Plaintiffs' proposed sur-reply misstates Ohio State's arguments.

Respectfully submitted,

MICHAEL DEWINE (0009181)

Ohio Attorney General

*/s/ Martha Brewer Motley*

Robert N. Webner (0029984) (Trial Attorney)
Martha Brewer Motley (0083788)
VORYS, SATER, SEYMOUR and PEASE LLP
52 E. Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
T: (614) 464-5626 / F: (614) 719-5080
rnwebner@vorys.com
mbmotley@vorys.com

*Special Counsel for Defendant
The Ohio State University*

Of Counsel:
Lee Ann Rabe (0077170)
Randall W. Knutti (0022388)
Principal Assistant Attorneys General
Court of Claims Defense Section
150 East Gay Street, Floor 18
Columbus, Ohio 43215
T: (614)466-7447 / F: (614)644-9185
LeeAnn.Rabe@OhioAttorneyGeneral.gov
Randall.Knutti@OhioAttorneyGeneral.gov

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 24, 2016, a true and correct copy of the foregoing has been served via the Court's ECF system on all counsel of record.

*/s/ Martha Brewer Motley*

Martha Brewer Motley