IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEANNA SMITH, et al., | Case No.: 2:15-cv-03030-GCS-EPD |
| Plaintiffs, | Judge George C. Smith |
| v. | Magistrate Judge Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS**

Plaintiffs Deanna Smith and Harmoni Sauder ("Plaintiffs") respectfully submit the following Reply in support of their Motion for Leave to File Sur-Reply in opposition to defendant The Ohio State University's ("Defendant") Motion to Dismiss.

**I.    INTRODUCTION**

Defendant's contention that its Motion to Dismiss is based on "substantive sovereign immunity" – and, therefore, that its Reply brief raises no new arguments - is inconsistent with a plain reading of Defendant's Motion and should be rejected. Defendant moved to dismiss this case pursuant to Rule 12(b)(1) on the grounds that Eleventh Amendment immunity and lack of Article III standing pose "jurisdictional bars" to Plaintiffs' claims under the Fair Credit Reporting Act ("FCRA"). Defendant's moving papers do not contain the word "substantive" much less a discussion of the substantive applicability of the FCRA to the states. Now that Defendant concedes it waived its Eleventh Amendment immunity by virtue of removal, Defendant attempts to recast the grounds for its Motion claiming that the FCRA does not apply to the states because Congress did not intend to abrogate state sovereign immunity when it enacted the statute. This wrongheaded

argument - which conflates Eleventh Amendment immunity from suit in a federal forum with questions of substantive law - is nowhere to be found in Defendant's moving papers.

Accordingly, Plaintiffs' Motion for Leave to File Sur-Reply should be granted so that Plaintiffs have a fair opportunity to respond to this new argument. Given that Defendant chose to raise this new argument in its Reply brief and has now addressed it twice (first in its Reply brief, and again in its Opposition to Plaintiffs' Motion for Leave to File Sur-Reply), Defendant has had an adequate opportunity to be heard and should not be permitted a further response.

## II. ARGUMENT

The Federal Rules require that the grounds for a motion be stated with particularity. Fed. R. Civ. P., Rule 7(b)(1)(B). Defendant's grounds for dismissal are set forth in its one-paragraph Motion to Dismiss, which states, in pertinent part:

> Now comes Defendant The Ohio State University, by and through the undersigned counsel, and moves the Court *pursuant to Rule 12(b)(1)* of the Federal Rules of Civil Procedure to dismiss Plaintiffs' Complaint in its entirety because Plaintiffs' claims under the Fair Credit Reporting Act are barred by sovereign immunity and because Plaintiffs lack Article III standing to bring their claims. Because of these *jurisdictional bars*, and particularly Ohio State's sovereign immunity defense, this Court should stay discovery in this action pending resolution of this Motion. ECF 7 at 1 (emphasis added).

This statement does not place Plaintiffs on notice that Defendant seeks dismissal on the ground that the FCRA does not apply to Defendant as a matter of substantive law. Rather, this statement notifies Plaintiffs that Defendant seeks dismissal pursuant to Rule 12(b)(1) based on an alleged defect in subject matter jurisdiction. If Defendant's grounds for dismissal were that the FCRA does not apply to the states, then Defendant should have (and surely would have) moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Defendant confirms that

the basis of its Motion is not substantive in the second sentence of its Motion which references the "jurisdictional bars" allegedly posed by sovereign immunity and Article III standing.

In the Memorandum filed in support of its Motion, Defendant explains that this jurisdictional bar is based upon the Eleventh Amendment which is the *exclusive* focus of Defendant's sovereign immunity analysis. *See* ECF 17 at 5-9. Defendant begins this section by quoting the full text of the Eleventh Amendment, and then goes on to explain that it applies state instrumentalities as well as the state itself. Defendant then states:

> Importantly, Congress has only limited power to abrogate sovereign immunity. In order to vitiate Eleventh Amendment immunity, Congress must *both* "act[] pursuant to a valid exercise of its power under §5 of the Fourteenth Amendment" *and also* "make[] its intention to abrogate unmistakably clear in the language of the statute…" ECF 17 at 6 (citation omitted) (emphasis in original).

Defendant dedicates the remainder of its section on sovereign immunity to analysis of these two requirements of Eleventh Amendment immunity from suit in a federal forum, arguing they are not satisfied here. See ECF 17 at 7-9.

Defendant now contends, after reviewing Plaintiffs' opposition, that its Motion to Dismiss is actually based on "substantive sovereign immunity" – and that its Reply brief in support thereof introduces no new arguments - because Defendant's moving papers argue that Congress did not have the authority to abrogate the state's sovereign immunity when it enacted the FCRA, and did not make its intent to do so unmistakably clear. In its Opposition to Plaintiffs' Motion for Leave to File Sur-Reply, Defendant explains:

> As Ohio State's initial motion made clear, Plaintiff's claims are barred by substantive sovereign immunity. ***That is why*** Ohio State's Motion addressed the fact that the Commerce Clause power that Congress invoked to enact the FCRA cannot overcome sovereign immunity and that in any event the specific language of the FCRA does not make Congress' intent to hold States liable under the statute

unmistakably clear, as the law requires. ECF 23 at 1 (emphasis added).

With this passage, Defendant essentially re-writes its moving papers. As noted above, Defendant's Motion to Dismiss does not contain the word "substantive," much less a discussion of "substantive sovereign immunity." Furthermore, ***the reason why*** Defendant's Motion addresses the power of Congress and its intent when enacting the FCRA is because this is the two-part test for abrogation of Eleventh Amendment immunity, not to advance an argument concerning the substantive applicability of the FCRA to the states. *See* ECF 7 at 7-9 (citing cases concerning Eleventh Amendment abrogation). It is only in its Reply brief that Defendant argues, for the ***first time***, that the FCRA does not apply to Defendant as a matter of "substantive sovereign immunity." As explained more fully in Plaintiffs' Sur-Reply, Defendant wrongly conflates two distinct issues - Congressional intent to abrogate Eleventh Amendment immunity to suit in a federal forum through enactment of the FCRA, on the one hand, and the substantive applicability of the FCRA to the states in the absence of an immunity defense, on the other. Regardless, it is beyond question that this is a ***new*** argument that was not raised in in Defendant's moving papers.

Defendant also suggests, in an argument relegated to a footnote, that the Eleventh Amendment encompasses more than one form of immunity, stating:

> Sovereign immunity encompasses both immunity from being sued in federal court and a broader substantive immunity from lawsuits in any court. See *Alden v. Maine*, 527 U.S. 706, 713, 722 (1999); *Beaulieu v. Vermont*, 807 F.3d 478, 485-486 (2nd Cir. 2015). As the Supreme Court has noted, the term "Eleventh Amendment Immunity" is a "convenient shorthand" for both forms of immunity. See *Alden*, 527 U.S. at 713; *Brotherton v. Cleveland*, 173 F.3d 552, 558-562 (6th Cir. 1999). Plaintiffs therefore cannot reasonably profess confusion about Ohio State's argument form the occasional use of "Eleventh Amendment Immunity" in Ohio State's Motion. ECF 23 at 2, n1.

This statement is misleading on multiple levels. Although the concept of sovereign immunity in the abstract is broad, it is well-settled that Eleventh Amendment immunity refers generally to immunity from suit in a federal forum. *See, e.g.*, *Lapides v. Bd. of Regents of Univ. System of Ga.*, 535 U.S. 613, 618 (2002) (explaining that "[a] State remains free to waive its Eleventh Amendment immunity ***from suit in a federal court***") (emphasis added), *citing Atascadero State Hosp. v. Scanion*, 473 U.S. 234, 238 (1985) (noting that "if a State waives its immunity and consents to ***suit in federal court***, the Eleventh Amendment does not bar the action) (emphasis added).

Indeed, this is confirmed by the *Alden* opinion itself, which Defendant quotes out of context in a manner that turns the Court's intended meaning on its head. The issue presented in *Alden* was whether Congress has the power under Article I to subject nonconsenting states to private suits for damages in state courts. It was in this context that the Court made the following observation relied upon by Defendant, noting:

> The Eleventh Amendment makes explicit reference to the States' immunity from suits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of any Foreign State." U.S. Const,. Amdt. 11. We have, as a result, sometimes referred to the States' immunity from suit as "Eleventh Amendment Immunity." ***The phrase is convenient shorthand but something of a misnomer***, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 712-713 (1999) (emphasis added).

The *Alden* Court thus explained that using the Eleventh Amendment as a "convenient shorthand" for multiple forms of immunity, as Defendant does here, is actually a "misnomer."[1] Nor does the four

---

[1] The Court went on to hold that although the law at issue (the Fair Labor Standards Act) applied to state conduct, Congress' attempt to subject the states to suit in state court under the Act was invalid based upon structural principles of federalism "separate and distinct" from the judicial power established by Article III. *Alden*, 527 U.S. at 730-731; 754.

page section of *Brotherton v. Cleveland*, 173 F.3d 552, 558-562 (6th Cir. 1999) cited by Defendant actually support its position.

Immediately following its citation of *Alden* and *Brotherton*, Defendant states that "Plaintiffs therefore cannot reasonably profess confusion about Ohio State's argument from the occasional use of 'Eleventh Amendment Immunity' in Ohio State's Motion." ECF 23 at 2, n1. This attempt to downplay Defendant's reliance upon the Eleventh Amendment is unavailing. As discussed above, Eleventh Amendment immunity from suit in a federal forum is the ***sole basis*** of the sovereign immunity defense set forth in Defendant's moving papers, from which it now attempts to walk away.

### III. CONCLUSION

There is no question that Defendant's "substantive sovereign immunity" argument is a new argument, introduced for the first time in the Reply brief Defendant filed in support of its Motion to Dismiss. Accordingly, Plaintiffs respectfully request that their Motion for Leave to file Sur-Reply be granted.

Respectfully submitted,

Dated: March 9, 2016  GLANCY PRONGAY & MURRAY LLP

By: *s/ Mark S. Greenstone*
Marc L. Godino
Kara M. Wolke
Mark S. Greenstone
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
mgodino@glancylaw.com
kwolke@glancylaw.com
mgreenstone@glancylaw.com

KOOPERMAN GILLESPIE MENTEL LTD.
Katherine Connor Ferguson
100 S. 4th Street, Suite 100
Columbus, OH 43215
Telephone: (614) 344-4840
Email: kferguson@kgmlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Mark S. Greenstone, hereby certify that on March 9, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

                                                                         *s/ Mark S. Greenstone*
                                                                         Mark S. Greenstone

# Mailing Information for a Case 2:15-cv-03030-GCS-EPD Smith et al v. The Ohio State University

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Katherine Connor Ferguson**
  kferguson@kgmlaw.com,hkittle@kgmlaw.com

- **Marc L Godino**
  mgodino@glancylaw.com

- **Mark S Greenstone**
  mgreenstone@glancylaw.com

- **Catherine A. Jopling**
  cjopling@kgmlaw.com,hkittle@kgmlaw.com

- **Randall William Knutti**
  randall.knutti@ohioattorneygeneral.gov

- **Martha Brewer Motley**
  mcbrewer@vorys.com,dmchilelli@vorys.com

- **Lee Ann Rabe**
  LeeAnn.Rabe@ohioattorneygeneral.gov,jamie.childers@ohioattorneygeneral.gov

- **Robert Neal Webner**
  RNWebner@vssp.com

- **Kara M. Wolke**
  kwolke@glancylaw.com,info@glancylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)