**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DEANNA SMITH,** *et al.***,**

    **Plaintiffs,**

  v.                                                **Case No.: 2:15–CV–3030**
                                                         **JUDGE SMITH**
                                                         **Magistrate Judge Deavers**

**THE OHIO STATE UNIVERSITY,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. 7). Plaintiffs responded to Defendant's motion (Doc. 18) and Defendant replied in support of its motion (Doc. 20). Also before the Court is Plaintiffs' Motion for Leave to File a Surreply (Doc. 22). Defendant opposed Plaintiffs' Motion (Doc. 23) and Plaintiffs replied in support (Doc. 25). Last, Defendant filed a notice of Supplemental Authority (Doc. 26). These matters are now ripe for review. For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

This lawsuit arises out of the hiring process of Deanna Smith ("Smith") and Harmoni Sauder ("Sauder") when they applied to work at The Ohio State University ("OSU"). Smith and Sauder (collectively "Plaintiffs") assert that OSU violated the Fair Credit Reporting Act ("FCRA") when it hired Plaintiffs and others who are allegedly similarly situated. During the hiring process, OSU asked Plaintiffs for consent to pull credit reports in order to conduct background checks before making a final hiring decision. (Doc. 3, Compl. at ¶ 32). Plaintiffs allege that OSU provided a disclosure and authorization to Plaintiffs which improperly included

extraneous information such as a liability release, in violation of the FCRA. (*Id.*). Ultimately, Plaintiffs were both hired by OSU but allege that they were injured by having their privacy and statutory rights violated. (*Id.* at ¶¶ 30–31). Accordingly, Plaintiffs bring two causes of action under the FCRA: failure to make proper disclosure and failure to obtain proper authorization under 15 U.S.C. § 1681b(b)(2)(A)(ii).

## II. DISCUSSION

OSU challenges the jurisdiction of this Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that both Eleventh Amendment Immunity and a lack of standing preclude the jurisdiction of this Court. Plaintiffs argue that OSU waived Eleventh Amendment Immunity and that standing exists. The Court will address each argument in turn.

**A.     Eleventh Amendment Immunity**

OSU claims that it is immune from Plaintiffs' FCRA claims under the Eleventh Amendment. Before addressing the merits of the Eleventh Amendment defense, the Court must rule on Plaintiffs' Motion for Leave to file a Surreply. In its reply in support of its motion, OSU—for the first time—argued that the FCRA does not apply to OSU because the Eleventh Amendment bars the application of the FCRA to OSU. Although OSU asserts that it made the same argument in the original Motion, that statement is simply not accurate. The headings alone clearly show that OSU made a new argument in its reply. OSU's Motion has a section titled "Sovereign Immunity Bars Plaintiffs' Claims against Ohio State, a State Entity." (Doc. 7, Mot. at 5). Notably, the headings and the corresponding section do not assert that the Eleventh Amendment bars the application of the FCRA to OSU. Rather, the next two sections make it unequivocally clear that OSU's Motion argued that the FCRA does not abrogate Eleventh Amendment Immunity, which is an entirely different argument. (*See id.* at 7–8 (subsections titled "Congress Lacked Authority to Abrogate State Sovereign Immunity. . . ." and ". . .

2

Congress Did Not Make Any Intention to Abrogate Sovereign Immunity 'Unmistakably Clear.'")).  Accordingly, Plaintiffs' Motion for Leave to file a Surreply is **GRANTED**.

The Eleventh Amendment bars "any suit in law or equity, commenced or prosecuted against one of the United States."  U.S. Const. amend. XI.  "It is well settled that sovereign immunity applies to 'state agents and instrumentalities,' . . . in addition to the states themselves."  "Sovereign immunity applies not only to the states themselves, but also to 'state agents and instrumentalities.'"  *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 366 (6th Cir. 2008) (quoting *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)).  There are three exceptions to Eleventh Amendment immunity: (1) "Congress may abrogate immunity by statute;" (2) "suit[s] against a state official seeking prospective injunctive relief . . . ;" and (3) waiver by the state.  *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908); *Lawson v. Shelby Cnty.*, 211 F.3d 331 (6th Cir. 2000)).

As Plaintiffs have not made claims against state officials in this case and Plaintiffs agree that the FCRA did not abrogate OSU's immunity, the first and second exceptions are not applicable.  Instead, the Court focuses on the Plaintiffs' assertion that OSU waived its Eleventh Amendment Immunity.  OSU argues that it is substantively immune from suit and has not waived that immunity by consenting to federal jurisdiction.

A state may waive its Eleventh Amendment Immunity by consenting to suit in three ways: (1) by expressly consenting to suit in court; (2) by voluntarily appearing in federal court and defending a case on the merits; and (3) "when the state agrees to administer a federal-state

program that imposes certain federal standards upon the state." *Lawson*, 211 F.3d at 334. Only the first type of waiver is applicable in this case.[1]

OSU argues that it is substantively immune from suit in this case because the Eleventh Amendment prevents Congress from making laws which could apply to OSU. Plaintiffs argue that OSU is making an application argument using an abrogation analysis which does not apply. The Court agrees with Plaintiffs. OSU's argument for immunity is that Congress "lacked both the authority and intent to bring the States within the scope of the [FCRA]." (Doc. 20, Reply at 7). However, OSU's analysis regarding "intent and authority" is just an application of immunity abrogation law, not substantive application law.

The Eleventh Amendment unequivocally does not cull Congress' power to create laws which apply to state institutions, regardless of whether a state institution may ultimately be immune from suit. The language of the Eleventh Amendment is self-evident in that it bars "**any suit** in law or equity, commenced or prosecuted against one of the United States." U.S. Const. amend. XI (emphasis added). It very notably does not bar laws from applying to state institutions if immunity should not apply for some other reason. OSU essentially argues that if Congress makes a law that does not abrogate sovereign immunity, then the law cannot ever apply to OSU. That argument has no merit. Congress may create a law which is intended to apply to states and their institutions but is not intended to abrogate immunity.

As stated above, there are three exceptions to Eleventh Amendment Immunity— abrogation, waiver, and *Ex parte Young* claims. As Plaintiffs correctly assert, if the Eleventh Amendment required Congress to abrogate immunity in making any law applicable to state institutions, the other exceptions to Eleventh Amendment Immunity would be superfluous.

---

[1] Plaintiffs do not argue that OSU defended the case on its merits. However, the Court notes that OSU's argument that the FCRA "does not apply to the States" could be construed as an attack on the merits of the case.

Accordingly, any argument that the FCRA does not apply to OSU cannot and does not arise under the Eleventh Amendment and must be presented in a motion brought under Federal Rule of Civil Procedure 12(b)(6). Further, the FCRA explicitly applies to OSU as it includes "any . . . government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b). OSU cannot seriously argue that such a broad definition does not encompass OSU, which OSU readily admits is "an arm of the state." (Doc. 7, Mot. at 6). The FCRA applies to OSU if its Eleventh Amendment Immunity is waived voluntarily.

Plaintiffs argue, and the Court agrees, that Ohio—and OSU in turn—waived its Eleventh Amendment Immunity from suit in enacting the Ohio Court of Claims Act ("OCCA"). OSU argues that OCCA cannot create substantive rights which do not otherwise exist. OSU again argues that Congress lacked the "authority and intent" to apply the FCRA to OSU. (Doc. 20, Reply at 10). The Court has already dismissed this argument because it improperly relies on the standards for abrogation in attempting to analyze the application of the FCRA. Further, the Court found that the FCRA applies to OSU because it is a "government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

In enacting OCCA, Ohio "waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties . . . ." Ohio Rev. Code § 2743.02(A)(1). It is undisputed that OCCA is a waiver of Ohio's sovereign immunity and that it extends to federal causes of actions. *Fischer v. Kent State Univ.*, 459 F. App'x 508, 509 (6th Cir. 2012) (quoting Ohio Rev. Code § 2743.02(A)(1); *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 952 (6th Cir. 1987) (en banc)). OSU argues that OCCA created a quid pro quo for plaintiffs who waive state and federal claims against

individuals when filing in the Court of Claims, not an "unrestricted prospective waiver." (Doc. 20, Reply at 11). However, if a plaintiff under OCCA waives state and federal claims, it would follow that a true quid pro quo—as OSU alleges—would require that Ohio waives its immunity to state and federal claims. The Court agrees with OSU that OCCA does not create unlimited liability in all suits alleging federal or state claims because OCCA does not create substantive rights. However, this merely means that OCCA does not require the state to waive any defenses it may have to a claim brought in the Court of Claims. As discussed *infra*, OSU is subject to the FCRA even though the FCRA did not abrogate OSU's immunity. Thus, once Ohio enacted OCCA, OSU became subject to suits under the FCRA in the Ohio Court of Claims. Accordingly, OSU is not immune from suit because Ohio waived its sovereign immunity from suits under the FCRA when it enacted OCCA.

**B.      Standing**

The Court's analysis does not end with a finding that OSU is not immune from suit in this case. OSU also asserts that Plaintiffs lack Article III standing in this case because they have not suffered a cognizable injury-in-fact. Plaintiffs argue that the FCRA created legal rights for the Plaintiffs which were violated by OSU's conduct, and thus, that the violation is an injury sufficient to provide standing.

Pursuant to Article III of the United States Constitution, federal jurisdiction is limited to "cases" and "controversies," and standing is "an essential and unchanging part of" this requirement. U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A federal court must not go "beyond the bounds of authorized judicial action and thus offend[] fundamental principles of separation of powers." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). If the plaintiff lacks standing, the federal court lacks jurisdiction. Thus, standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498

6

(1975). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id.*

Standing under Article III has three elements. "First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant." *Id.* (Internal alterations omitted). Third, it must be likely that the injury will be "redressed by a favorable decision." *Id.* at 561. The burden is on the party invoking federal jurisdiction to demonstrate Article III standing. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). Last, each element of standing must be supported with the "manner and degree of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561.

For an injury to be cognizable under current standing doctrine, it must be particularized meaning it "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U. S. ____, 7, 136 S.Ct. 1540 (2016) (internal quotations omitted). Additionally, the injury must be concrete, meaning it must actually exist and must be real and not abstract. *Id.* at 8 (quoting Webster's Third New Int'l Dictionary 472 (1971); Random House Dictionary of the English Language 305 (1967)). However, the injury need not necessarily be tangible. *Id.* at 8–9 (citing *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (free speech); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993) (free exercise)). Congress may "elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." *Id.* at 9 (quoting *Lujan*, 504 U.S., at 578). However, this "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a

7

statutory right and purports to authorize that person to sue to vindicate that right." *Id.* Specifically, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 9–10.

In determining whether Congress has elevated FCRA breaches to the status of legally cognizable injuries, the Supreme Court held that "[a] violation of one of the FCRA's procedural requirements may result in no harm." (*Id.* at 10). In this case, Plaintiffs allege they suffered harm when their "privacy was invaded and they were misled as to the their rights under the FCRA." (Doc. 18, Mem. Opp. at 14). However, Plaintiffs admitted that they did not suffer a concrete consequential damage as a result of OSU's alleged breach of the FCRA. (*Id.*). Accordingly, the Court cannot find that Plaintiffs have suffered an injury-in-fact from OSU's alleged breach of the FCRA. Without a concrete and particularized injury-in-fact, there is no Article III standing in this Court. Because the Plaintiffs do not have standing in this Court, the Court lacks subject-matter jurisdiction and must remand the case back to the Ohio Court of Claims for further adjudication. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999) (citing 28 U.S.C. § 1447(c)).

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' Motion for Leave to file a surreply is **GRANTED**. The Clerk shall **REMOVE** Documents 7 and 22 from the Court's pending motions list. The Clerk shall enter final judgment in favor of Defendant and **REMAND** this case to the Ohio Court of Claims. The Clerk shall **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**

**UNITED STATES DISTRICT COURT**